IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILMER VALENCIA on behalf of himself and others similarly situated, et al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:15cv685 (LMB/MSN) |
| JHODANICO LLC, et al. | ) ) ) |
| Defendants. | |

## ORDER

In their response to plaintiffs' Motion to Conditionally Certify a FLSA Collective Action and Send Notice to the Class, defendants raise four objections. In the first two, they argue that the Spanish language version of the Proposed Notice of Collective Action and the Proposed Consent Form improperly use the word "poro" which means "stolen" in translating the word "unpaid" into Spanish. Defendants' objection is meritorious. The English language documents are appropriately clear and neutral. The Spanish translation of them must be equally clear and neutral. Accordingly, defendants' first two objections are GRANTED, and it is hereby

ORDERED that plaintiffs immediately correct the Spanish translations of these two documents to describe the wages and overtime as "not paid" or "unpaid" rather than "stolen."

In their third objection defendants argue that there is no proper place to post the proposed Notice because "defendants no longer have their own workplace," and they oppose posting the Notice at the third-party dealerships where plaintiffs are assigned to work by defendants.

Because third-parties should not be burdened by such posting, this objection is GRANTED; however, in lieu of posting the Notice on third-party premises, it is hereby

ORDERED that defendants immediately mail by certified mail, return receipt requested a copy of the Notice and its attachments to each current employee and provide to plaintiffs' counsel an affirmation of compliance with this mailing requirement within 30 days of the date of this Order. Defendants may not enclose any other communication and may not threaten or in any respect retaliate against any employee to whom they send the Notice.

In their last objection defendants' argue that the plaintiffs' request to follow up with a postcard to any potential class member who has not responded to the Notice within 30 days should be denied because the class size is so small and the Notice should provide sufficient time to respond. Given the language barriers for the potential class members the request to allow plaintiffs' counsel a second chance to notify eligible employees about the lawsuit is reasonable; therefore, this objection is DENIED.

For the above stated reasons, plaintiffs' Motion to Conditionally Certify a FLSA Collective Action and send Notice to the Class [Dkt. No. 18] is GRANTED IN PART and DENIED IN PART.[1]

The Clerk is directed to remove argument of plaintiffs' Motion from the September 18, 2015 docket and forward a copy of this Order to counsel of record.

Entered this 11th day of September, 2015.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[1] Nothing in this Order prevents plaintiffs from also sending the Notice and Consent Forms to potential employees.